UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

MIGUEL J. CORTEZ, JR.,
      Appellant,

v.

OFFICE OF PERSONNEL
  MANAGEMENT,
      Agency.

DOCKET NUMBER
AT-844E-15-0476-I-1

DATE: March 1, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Miguel J. Cortez, Jr., Berkeley Lake, Georgia, pro se.

Cynthia Reinhold, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision issued by the Office of Personnel Management (OPM) denying his request to have his early retirement annuity recalculated at age 62. Generally, we grant petitions such as this one only when:

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Except as expressly MODIFIED by this Final Order to address the appellant's argument that an OPM employee misled him in a January 26, 2013 letter, we AFFIRM the initial decision.

¶2      Effective December 4, 1999, OPM granted the appellant disability retirement from his position with the agency, with 20 years and 4 months of service.[2] Initial Appeal File (IAF), Tab 5 at 10, 61. OPM terminated his disability annuity benefits effective June 30, 2006, finding him restored to earning capacity when his calendar year earnings for 2005 exceeded 80% of his basic pay for the position he held before retirement. *Id*. at 10, 44. In March 2007, the appellant submitted an application for immediate retirement. IAF, Tab 5 at 32-34. At that time, the appellant was eligible for early retirement pursuant to 5 U.S.C. § 8414(b) because he had reached the minimum retirement age of 50 years and had at least 20 years of creditable service.[3] *Id*. at 10-12,

---

[2] The appellant's birthdate is August 5, 1951.

[3] Pursuant to 5 C.F.R. § 844.403, when an individual's disability annuity is terminated because his earning capacity has been restored and he is not employed by the Government, the individual is entitled to an annuity under 5 U.S.C. § 8414(b) if he is at least 50 years old when the disability annuity ceased and had 20 or more years of service at the time of retiring for disability. The appellant was 55 years old when he applied for immediate retirement. IAF, Tab 13.

40-43. OPM approved the appellant's early retirement application under the discontinued service provision of the Federal Employees' Retirement System (FERS) and his annuity commenced on July 1, 2006. *Id*. at 10.

¶3    In September 2013, the appellant wrote to OPM requesting that, since he had turned 62 years of age, OPM recalculate his annuity to credit the period that he received FERS disability benefits, which was December 4, 1999 through June 30, 2006. *Id*. at 47-48. OPM denied his application and his subsequent request for reconsideration stating that only disability retirement annuities are recalculated at age 62, and he was receiving retirement annuity benefits under 5 U.S.C. § 8414(b), which did not provide for the recalculation of his annuity. *Id*. at 11, 17.

¶4    The appellant filed an appeal with the Board challenging OPM's March 16, 2015 reconsideration decision denying his request to have his early retirement annuity recalculated at age 62. IAF, Tab 1. The appellant argued that, pursuant to 5 U.S.C. § 8455(b)(2), his disability retirement should have been restored on January 1, 2013, because in 2012 he earned less than 80% of the current rate of pay for the position that he occupied before retiring on disability. IAF, Tab 13 at 1. The appellant also stated that he has not recovered from his original disability or been reemployed in Federal service. *Id*. The appellant argued that because his disability retirement annuity should have been restored, OPM was required by 5 U.S.C. § 8542(b)(1) to recalculate his annuity to credit the period that he received a disability annuity from December 4, 1999 through June 30, 2006. *Id*. at 1-2. In the alternative, the appellant argued that when he entered into retirement status OPM should have calculated his total creditable service to include the 78 months that he was in disability status because the definition of "creditable service" in 5 U.S.C. § 8411 does not exclude "disability service periods." *Id.* at 2.

¶5    Based on the written record, the administrative judge affirmed OPM's reconsideration decision finding that the appellant failed to meet his burden of

proving by preponderant evidence that he was entitled to have his early retirement annuity redetermined at age 62 to credit the period that he received FERS disability annuity benefits.[4]  Initial Decision (ID) at 5.  The administrative judge found that, pursuant to 5 U.S.C. § 8411(b), any period after his separation from service on December 3, 1999, which was his last day on paid status, could not be added to his creditable service for his early retirement.  ID at 4-5.  In reaching his decision, the administrative judge found that 5 U.S.C. § 8452(b) provides for a *disability* annuitant's annuity to be redetermined once the annuitant turned 62 years old but that did not apply here because the appellant was receiving an early retirement annuity when he turned 62.  ID at 3.  The administrative judge also found that under 5 U.S.C. § 8455(b)(4) the appellant's receipt of an early retirement annuity, pursuant to 5 U.S.C. § 8414(b) in chapter 84, subchapter II, rendered him ineligible for reinstatement of his disability annuity under 5 U.S.C. § 8455(b)(2).  ID at 4.

¶6      The appellant filed a petition for review reasserting the arguments he raised on appeal.  Petition for Review (PFR) File, Tab 1; IAF, Tabs 7, 13.  The agency responded in opposition to his petition, and the appellant replied.  PFR File, Tabs 4-5.

¶7      The appellant's arguments on review constitute mere disagreement with the administrative judge's explained findings on appeal and do not warrant a full review by the Board.  We affirm the initial decision as modified to address the appellant's argument that an OPM employee misled him in a January 26, 2013 letter by stating:

> By law, the recalculation of your disability benefits will occur when you reach age 62.  At that time all disability service accumulated from the date of your retirement through your 62nd birthday will be recomputed and added to the 20 years and 4 months of original service you had at the onset of your disability retirement.

PFR File, Tab 1 at 5; IAF, Tab 7 at 2, 6.

---

[4] The appellant waived his right to a hearing.  IAF, Tab 3 at 1.

¶8 The appellant argues on review that OPM is required to recalculate his retirement annuity to credit the period that he received a disability annuity because he detrimentally relied on the information provided by OPM in the January 26, 2013 letter, 6 ½ years after OPM approved his application for early retirement.[5]  PFR File, Tab 1 at 5-7.  The Government, however, cannot be estopped from denying benefits not otherwise permitted by law, even if the claimant was denied monetary benefits because of his reliance on the mistaken advice of a Government official, *Office of Personnel Management v. Richmond,* 496 U.S. 414, 416, 432 (1990), and we agree with the administrative judge's finding that no authority permits OPM to redetermine the appellant's annuity to credit the period that he received a disability annuity or to reinstate his disability annuity, ID at 5.  We therefore deny the petition for review.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27,

---

[5] Although the appellant raised this argument on appeal, the administrative judge did not specifically address it in the initial decision.  PFR File, Tab 1 at 4-5; IAF, Tab 7 at 2, 6.  We nonetheless find that the appellant has not shown how the administrative judge's error prejudiced his substantive rights.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website,  http://www.mspb.gov/appeals/uscode.htm.   Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                                 William D. Spencer
                                                 Clerk of the Board

Washington, D.C.